IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDNA MICHELLE WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  1:12-cv-936-MEF |
| | ) | (WO – Do Not Publish) |
| CITY OF OZARK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

Before the Court is Defendants Tim Hicks, Jimmy Culbreath, Derrick Mize, and Clinton Buggs's ("the Defendant Officers") Motion to Reconsider, Alter, Amend and Vacate Order Denying Qualified Immunity (Doc. #22).  In its Memorandum Opinion and Order of March 31, 2014, the Court denied qualified immunity to the Defendant Officers on Plaintiff's § 1983 unlawful arrest claim in Count I of her complaint.  The Defendant Officers move the Court to reconsider its ruling, and, for the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

The Defendant Officers do not specify which rule of the Federal Rules of Civil Procedure they base their motion on.  When a party files a "motion to reconsider" without specifying which rule pursuant to which it is made, a court is to treat the motion as a Rule 59(e) Motion to Alter or Amend a Judgment.  *See Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1299–1300 (11th Cir. 2010).  A Rule 59 motion is due to be granted where a party

1

can show there is newly-discovered evidence or that the court committed a manifest error of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation and citation omitted).

The Defendant Officers argue that the Court committed a manifest error of law by basing its denial of qualified immunity solely on the allegation that the Defendant Officers arrested Plaintiff in violation of state law because the misdemeanor was not committed in the presence of the Defendant Officers. *See Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1333 (11th Cir. 2004) (holding arrest made with probable cause but not committed in presence of the officers and thus in violation of state law does not state a Fourth Amendment violation); *Knight v. Jacobson*, 300 F.3d 1272, 1275–76 (11th Cir. 2002) (same). The Defendant Officers' argument is well-taken, and the Court's Memorandum Opinion and Order is due to be amended to the extent it bases a Fourth Amendment violation solely on violation of state law. (*See, e.g.,* Doc. #21, at 9) ("Thus, to validly arrest Wright, she must have committed a crime in the Defendant officers' presence.").

However, the Court's Memorandum Opinion and Order is not due to be amended to the extent it denies qualified immunity to the Defendant Officers on Plaintiff's Fourth Amendment claim in Count I. In its discussion of whether the misdemeanor was alleged to have occurred in the presence of the Defendant Officers, the Court discussed facts alleged in the complaint that state a plausible unlawful arrest claim under the Fourth Amendment. The Court also applied the arguable probable cause standard to the facts alleged in the

complaint.  (Doc. #21, at 9) ("When taking the facts alleged in the light most favorable to Wright, the Court concludes that Wright has alleged sufficient facts to make out a plausible constitutional violation based on the Defendant officers arresting her without arguable probable cause.").  The relevant facts justifying a denial of qualified immunity at the motion to dismiss stage are Plaintiff's allegations that Culbreath was not alleged to have seen Plaintiff drop paper when he told her to pick it up, she stated the paper was not hers, and yet the Defendant officers placed her under arrest anyway.  In other words, taken in the light most favorable to the Plaintiff, there is no allegation that suggest thee Defendant Officers had probable cause to arrest Plaintiff for engaging in the act of littering–Plaintiff's mere proximity to a piece of paper is insufficient by itself to establish arguable probable cause to arrest for misdemeanor littering.  Plaintiff has alleged sufficient facts to state a plausible claim that the Defendant Officers lacked arguable probable cause to arrest her because there was not enough evidence that Plaintiff had committed the crime of misdemeanor littering to justify a reasonable officer in the same circumstances in arresting her.  Accordingly, it is hereby

ORDERED that the Defendant Officers' Motion to Reconsider, Alter, Amend and Vacate Order Denying Qualified Immunity (Doc. #22) is GRANTED to the extent the Court's Memorandum Opinion and Order denying qualified immunity based on a Fourth Amendment unlawful arrest violation on the Defendant Officers' violation of state law, and the motion is DENIED in all other respects.  The Court's Memorandum Opinion and Order

(Doc. #21) filed on March 31, 2014, is VACATED and a corrected Memorandum Opinion and Order will be separately filed.  The Defendant Officers shall have fourteen days from the entry of this order to file an answer.

It is further ORDERED that Plaintiff's Motion to Amend Complaint and Motion to Alter, Amend, Vacate, or Reconsider (Doc. #26) is DENIED.

DONE this the 2nd day of May, 2014.

_____/s/  Mark E. Fuller_____
UNITED STATES DISTRICT JUDGE